STATE OF CONNECTICUT *v.* DOROTHY CHARNEY

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 223

Argued May 12—decided June 11, 1976

*Edward J. Gallagher,* for the appellant (defendant).

*Brian E. Cotter,* assistant prosecuting attorney, for the appellee (state).

PER CURIAM. The defendant was convicted of violation of the "dogs roaming at large statute."[1] The sole assignment of error is that the evidence was insufficient to establish that the defendant was guilty of the crime charged.

An examination of the transcript discloses that there was ample evidence, if believed, that the defendant's English sheepdog went on the property of an adjoining neighbor, without authorization, and while there, unattended, barked at and chased the neighbor's guest into her house. The defendant's complaint that the trial court, in arriving at its judgment, was not justified in relying either on circumstantial evidence or on the state's witnesses borders on the frivolous. By this time it is repeating the obvious to observe that it is within the

---

[1] General Statutes § 22-364 provides in pertinent part: "No owner or keeper of any dog shall allow such dog to roam at large upon the land of another and not under control of the owner or keeper or the agent of the owner . . . . The unauthorized presence of any dog on the land of any person other than the owner or keeper of such dog . . . when such dog is not attended by or under the control of such owner or keeper, shall be prima facie evidence of a violation of the provisions of this section."

province of the trier to draw reasonable and logical inferences from the facts proven; *State* v. *Foord,* 142 Conn. 285, 294; that circumstantial evidence is no less probative than direct evidence; *State* v. *Taylor,* 153 Conn. 72, 78; and that the trier is the final judge of the credibility of witnesses and the weight to be given their testimony. *Slavitt* v. *Ives,* 163 Conn. 198, 212.

There is no error.

SPEZIALE, PARSKEY, and D. SHEA, Js., participated in this decision.